UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DRUG REFORM COORDINATION
NETWORK**,** INC., individually
and on behalf of all others similarly situated,

    Plaintiff,

vs.                                                                                         **Class Action**

GREY HOUSE PUBLISHING, INC., a
New York For Profit Corporation

    Defendant.
_____/

## **COMPLAINT**

and

## **JURY DEMAND**

    This is a class action alleging that the Defendant, Grey House Publishing, Inc., has violated the Telephone Consumer Protection Act and implementing regulations by sending facsimile advertisements to persons and entities which do not contain statutorily required language**.**  Plaintiff, Drug Reform Coordination Network, Inc. ("DRCNet"), individually and on behalf of a class of persons similarly situated, seeks statutory damages for each violation.

## **PRELIMINARY STATEMENT**

    1.    The Telephone Consumer Protection Act, as amended by the Junk Facsimile Prevention Act of 2005, 47 U.S.C. § 227 ("TCPA"), is a consumer protection statute that confers on plaintiffs the right to be free from certain harassing and privacy-invading conduct and authorizes an award of damages whenever a violation occurs.  The TCPA provides a private right of action and statutory damages for each violation.  Plaintiff,

DRCNet, individually and on behalf of all others similarly situated, brings this action against Defendant Grey House Publishing, Inc. for its violation of the TCPA by sending, and authorizing the sending, of noncompliant advertisement facsimiles to the telephone facsimile machine of the Plaintiff and to the telephone facsimile machines of other persons or entities.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 47 U.S.C. §§ 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, as Defendant conducts business in Washington, D.C., and the offending facsimile was sent to DRCNet's facsimile number, which has a District of Columbia area code.

## PARTIES

4. Plaintiff, DRCNet, is and was at all times relevant, registered to do business in the District of Columbia, and the owner of a telephone number with a District of Columbia area code (202), which receives facsimile transmissions.

**5.** Defendant, Grey House Publishing, Inc., is a for-profit New York corporation with its principal place of business at 4919 RTE 22, Amenia, New York, 12501.

## GENERAL ALLEGATIONS

6. On or about February 12, 2014, Defendant transmitted the facsimile advertisement to Plaintiff's telephone facsimile machine at (202) 293-8344, attached as Exhibit A. The facsimile advertised the Defendant's products and/or services.

7.	Defendant's facsimile failed to state that the sender's failure to comply, within 30 days, with a request not to send future advertisements to the recipient's telephone facsimile machine(s) is unlawful.

8.	Upon information and belief, Defendant sent similar facsimile advertisements, which failed to state that the sender's failure to comply, within 30 days, with a request not to send future advertisements to the recipient's telephone facsimile machine(s)is unlawful, were sent to the telephone facsimile machines of other persons, entities, and members of other targeted groups.

## CLASS ACTION ALLEGATIONS

9.	Plaintiff brings this action as a class action, pursuant to Rule 23(a) and 23(b)(3), Federal Rules of Civil Procedure, for statutory damages on behalf of itself and a class of all persons similarly situated.

10.	Plaintiff brings this class action pursuant to the TCPA, and is a member of and seeks to represent a class of persons ("Proposed Class") defined as:

> "All persons and entities who were sent one or more facsimiles to a telephone facsimile machine after April 23, 2011, advertising Defendant's products and/or services, where the advertisement failed to state that the recipient may make a request to the sender not to send any future facsimiles and that failure to comply with the request within 30 days is unlawful."

11.	Class Size (Fed. R. Civ. P. 23(a)(1)): Plaintiff, upon information and belief, avers that the proposed class is in excess of 40 persons. The class size is so numerous that joinder of all members is impracticable and uneconomical.

12.	Commonality (Fed. R. Civ. P. 23(a)(2)): There are questions of law and fact common to all members of the Proposed Class. Common material questions of fact and law include, but are not limited to, the following:

3

a. whether the Defendant (or another on its behalf) sent the facsimile advertisement, attached as Ex. A to the telephone facsimile machines of Plaintiff and other members of the Proposed Class;

b. whether the Defendant (or another on its behalf) sent other facsimile advertisements promoting its products and/or services to the telephone facsimile machines of other persons and entities;

c. whether the Defendant (or another on its behalf) sent other facsimile advertisements that failed to state that the sender's failure to comply, within 30 days, with a request not to send future advertisements to recipient's telephone facsimile machine or machines is unlawful;

d. whether the Defendant violated the provisions of 47 C.F.R. § 64.1200(a)(3)(iii) by sending facsimiles that failed to state that the recipient may make a request to the sender not to send any future facsimiles and that failure to comply with the request within 30 days is unlawful;

e. whether the Plaintiff and the other members of the Proposed Class are entitled to statutory damages; and

f. whether the Plaintiff and the other members of the Proposed Class are entitled to treble damages.

13. <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>: The claims of the named Plaintiff, DRCNet, are typical of the claims of all members of the Proposed Class. Defendant sent facsimile advertisements promoting its products and/or services to Plaintiff and proposed class members that failed to state that the recipient may make a request to the sender not to send any future facsimiles and that failure to comply with the request within 30 days is

unlawful. Plaintiff raises questions of fact and law common to the Proposed Class, and Plaintiff's injuries arise from the same conduct as all members of the Proposed Class. The Defendant has acted the same or in a similar manner with respect to the named Plaintiff and all members of the Proposed Class.

14. <u>Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4))</u>: The named Plaintiff, DRCNet, will fairly and adequately represent and protect the interests of the Proposed Class. Plaintiff is committed to this cause, will litigate vigorously, and is aware of the fiduciary duties of a class representative. Plaintiff's interests are consistent with and not antagonistic to the interests of the Proposed Class members. Plaintiff has a strong personal interest in the outcome of this action and has retained experienced class counsel to represent it and the Proposed Class.

15. Class counsel is experienced in class action litigation and has successfully litigated class claims.

16. <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>: A class action is superior to all other available methods for the fair and equitable adjudication of the controversy between the parties. Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

   a. proof of Plaintiff's claims will also prove the claims of the Proposed Class without the need for separate or individualized proceedings;

   b. evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

c. the Defendant has acted and is continuing to act pursuant to common policies or practices in transmitting facsimile advertisements to the telephone facsimile machines to all members of the Proposed Class that failed to state that the recipient may make a request to the sender not to send any future facsimiles and that failure to comply with the request within 30 days is unlawful;

d. the amount likely to be recovered by individual class members does not support individual litigation.  A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

e. this case is inherently manageable as a class action in that:

   i. the Defendant identified persons or entities to receive the facsimile advertisement transmissions and it is believed that the Defendant's computer and business records, or that of its agents, will enable the Plaintiff to readily identify class members and establish liability and damages;

   ii. liability and damages can be established for the Plaintiff and the class with the same common proofs;

   iii. statutory damages are provided for in the statute and are the same for all Proposed Class members and can be calculated in the same or a similar manner;

   iv. a class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

  v.  a class action will contribute to uniformity of decisions concerning the Defendant's practices; and

  vi.  as a practical matter, the claims of the members of the Proposed Class are likely to go unaddressed absent class certification.

**Count 1**
**Claim for Relief for Violations of the TCPA**

17. Plaintiff and the Proposed Class reassert and incorporate herein by reference the averments set forth in paragraphs 1 through 16 above.

18. This is an action by named Plaintiff, DRCNet, and the Proposed Class against Defendant, for violations of the TCPA.

19. Defendant violated the TCPA (47 C.F.R. § 64.1200(a)(3)(iii)) which applies to solicited and unsolicited facsimiles (47 C.F.R. § 64.1200(a)(3)(iv)), by causing the transmission of facsimile advertisement to Plaintiff and the members of the Proposed Class which failed to contain the requisite opt out notice.

20. The named Plaintiff and the members of the Proposed Class are entitled to $1,500 in statutory damages against Defendant for each facsimile advertisement promoting its services that was knowing and willfully sent to a telephone facsimile machine that failed to state that the recipient may make a request to the sender not to send any future facsimiles and that failure to comply with the request within 30 days is unlawful.

21. In the alternative, the named Plaintiff and the members of the Proposed Class are entitled to $500 in statutory damages against Defendant for each facsimile advertisement promoting its services that was negligently sent to a telephone facsimile machine that failed to state that the recipient may make a request to the sender not to send any future facsimiles and that failure to comply with the request within 30 days is unlawful.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant and requests an order:

A. certifying this action as a class action pursuant to Rule 23, appointing the named Plaintiff as the representative of the class, and appointing the named Plaintiff's undersigned counsel as counsel for the class;

B. finding that Defendant caused facsimile advertisements to be sent to class members that failed to contain the opt out notice required by the TCPA and its implementing regulations;

C. finding that Defendant is liable to pay statutory damages of $1,500 for each facsimile advertisement that was knowing and willfully sent to a class member, which failed to state that the recipient may make a request to the sender not to send any future facsimiles and that failure to comply with the request within 30 days is unlawful;

D. finding that, in the alternative, Defendant is liable to pay statutory damages of $500 for each facsimile advertisement that was negligently sent to a class member, which failed to state that the recipient may make a request to the sender not to send any future facsimiles and that failure to comply with the request within 30 days is unlawful;

E. entering a judgment in favor of the Class Representative for the total amount of statutory penalties plus pre-judgment interest and allowable costs;

F. requiring Defendant to pay a court appointed trustee the full amount of the penalties, interest and costs to be distributed to the Proposed Class members after deducting costs and fees as determined by the Court;

G. awarding equitable reasonable attorneys' fees and costs incurred in connection in this action and an incentive bonus to Plaintiff, to be deducted from the total amount of penalties, interest and costs before the pro-rata amounts are distributed by the trustee to the Proposed Class members; and

H. granting supplemental equitable relief as may be appropriate.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues that can be heard by a jury.

Respectfully submitted,

Shawn A. Heller, Esq.
D.C. Bar No. 985899
shawn@sjlawcollective.com
Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com

Social Justice Law Collective, PL
P.O. Box 70327
Washington, DC 20024
Tel: (202) 709-5744

Peter Bennett
D.C. Bar No. 1016919
peterbennettlaw@gmail.com
Richard Bennett
Florida Bar No.150627
richardbennett27@gmail.com

Bennett & Bennett
1200 Anastasia Avenue
Office Suite #360
Coral Gables, Florida 33134

Tel: (305) 444-5925

By: _s/ Shawn A. Heller_
      Shawn A. Heller