## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS ("Agreement") is made and entered into as of this 8th day of July, 2016 (the "Effective Date"), by and between Drug Reform Coordination Network, Inc. ("DRCNet"), individually and on behalf of a settlement class of similarly situated persons ("Settlement Class"), and Grey House Publishing, Inc. ("GHP"). For the purposes of this Agreement, DRCNet and GHP are each referred to individually as a "Party."

## RECITALS

A.      In the Second Amended Complaint (the "Complaint"), Civil Action No. 14-cv-00701, United States District Court for the District of Columbia, DRCNet, individually and on behalf of a class of similarly situated persons, alleged that GHP violated the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227) by transmitting facsimile advertisements without a compliant opt-out notice as required by the TCPA and its implementing regulations;

B.      GHP disputes the claims set forth in the Complaint and has denied and continues to deny any wrongdoing or that it has any liability to DRCNet or any member of the putative class for any such claims asserted as of the Effective Date; and

C.      DRCNet and GHP desire to avoid the risk, time, effort, inconvenience and expense of litigation and have therefore agreed to fully and fairly settle any and all legal claims (including the claims of the class) they may have against one another relating to the subject matter of the Complaint and arising prior to the Effective Date, whether known or unknown, including but not limited to the claims asserted by DRCNet on behalf of itself and the class.

## DEFINITIONS

1.     "Action" means the lawsuit in the United States District Court for the District of Columbia, Civil Action No. 14-cv-00701, currently styled as *Drug Reform Coordination Network, Inc. v. Grey House Publishing, Inc.*

2.     "GHP Facsimile" means a facsimile transmitted by or on behalf of GHP offering a free listing in the 2014 *Hudson's Washington News Media Contact Directory*.

3.     "Class Counsel" means Shawn Heller and Joshua Glickman from the Social Justice Law Collective, 6709 W. 119th Street, #198, Overland Park, KS 66209; and Richard Bennett and Peter Bennett from Bennett & Bennett, 1200 Anastasia Ave., Office 360, Coral Gables, FL 33134.

4.     "Class Counsel Fees" means the amount of attorneys' fees and reimbursement of expenses that Defendant has agreed to pay to Class Counsel, as defined in Paragraph 9 in the Agreement, below.

5.     "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715.

Exhibit 1

6. "CAFA Notice" means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. §§ 1711-1715, to be served upon the appropriate State official of each State and the Attorney General of the United States.

7. "Class Settlement Notice" means the Notice of Class Action Settlement and Fairness Hearing and Claim Form to be faxed to Settlement Class Members by the Settlement Administrator following the Court's issuance of the Preliminary Approval Order, in the form of Exhibit 1, attached hereto.

8. "Class Representative" means the named Plaintiff in this action, Drug Reform Coordination Network, Inc.

9. "Court" means the United States District Court for the District of Columbia, the Honorable Amit P. Mehta presiding, or any Judge or Magistrate Judge who shall succeed her or him as, respectively, the Judge or Magistrate Judge in this Action.

10. "Days" or "days" refer to calendar days. If the last day of the period is a Saturday, Sunday or legal holiday, the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday.

11. "Final Fairness Hearing" means the hearing scheduled by the Court at which the Parties will request Final Approval of the Settlement Agreement and entry of a Final Approval Order and Judgment.

12. "Final Approval" means the Court's final approval of the Settlement Agreement.

13. "Final Approval Order and Judgment" or "Final Judgment" means the Order Granting Final Approval to the Class Action Settlement Agreement and Entry of Final Judgment to be entered by the Court.

14. "Final Date" means the first date on which the Final Approval Order and Judgment is in effect and has become final.

15. "Person" means, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and, as applicable, their spouses, heirs, predecessors, successors, representatives, or assigns.

16. "Preliminary Approval Order" means the Order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, appointing Class Counsel, and directing Notice thereof to the Settlement Class, as proposed by the Parties.

17. "Released Claims" means any and all claims, liabilities, demands, causes of action, or lawsuits, debts, damages, costs, attorneys' fees, obligations, judgments, expenses compensation, or liabilities relating to the subject matter of the Complaint, whether known or

unknown (including unknown claims), and whether anticipated or unanticipated, of whatever kind or nature, character, and description whether legal, statutory, equitable, or of any other type or form, whether under state or federal law, and whether brought in a representative or any other capacity that were or could have been raised in the Action. The Released Claims include all claims arising prior to the Effective Date meeting this description under all applicable statutes, regulations, or common law, including but not limited to claims under the TCPA.

18. "Released Parties" means GHP and its past and present agents, employees, representatives, officers, directors, shareholders, attorneys, accountants, insurers, receivers, advisors, consultants, partners, partnerships, parents, divisions, subsidiaries, affiliates, assigns, agents, independent contractors, successors, heirs, predecessors in interest, joint ventures, and commonly controlled corporations.

19. "Releasing Parties" means DRCNet and each Settlement Class Member individually and collectively, as well as his or hers predecessors, successors, attorneys, partners, heirs, executors, administrators, beneficiaries, representatives, agents, and assigns.

20. "Settlement" means the mutual understanding and agreements of the Parties provided for in this Agreement.

21. "Settlement Administrator" means Class-settlement.com, or a similarly qualified firm selected by GHP, which, subject to the approval of the Court, will oversee the dissemination of Notice to the Settlement Class in accordance with the Preliminary Approval Order, and will oversee administration of the Settlement and the claim process.

22. "Settlement Agreement" or "Agreement" means this Settlement Agreement and any Exhibits attached hereto.

23. "Settlement Class" means all Persons who received a GHP Facsimile and a subsequent email advertising a free listing in the 2014 *Hudson's Washington News Media Contact Directory*. Excluded from the Settlement Class are Defendant, any parent, subsidiary, affiliate or controlled person of Defendant, as well as the officers, directors, agents, servants or employees of Defendant and the immediate family members of such persons, the named counsel in this litigation, and any member of their office and/or firm.   The Parties agree that the possible Settlement Class consists of no more than the 454 unique Persons who were sent a GHP Facsimile offering a free listing in such Directory.

24. "Settlement Class Member" means a Person in the Settlement Class who does not exclude himself or herself from the Settlement in the manner and time prescribed by the Court in the Preliminary Approval Order.

25. "Settling Parties" or "Parties" means DRCNet, the Settlement Class, and GHP.

AGREEMENT

NOW, THEREFORE, in consideration of the foregoing Recitals and Definitions, the mutual promises, covenants, and undertakings contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Settling Parties, intending to be legally bound, subject to final approval of the Court as provided for in this Agreement, hereby agree as follows:

1.    Recitals and Definitions

The aforementioned Recitals and Definitions are incorporated into this Agreement as if set forth fully herein.

2.    Payment of Class Settlement Fund and Consideration for Agreement

GHP's insurance company has agreed with GHP to pay the sum set forth below for the consideration for this settlement. As full and complete compromise of all Released Claims, GHP's insurance company shall deposit Two Hundred Twenty Seven Thousand Dollars ($227,000.00) into a non-interest bearing account (the "Class Settlement Fund") in the name of the Settlement Administrator, within thirty (30) days after entry of the Preliminary Approval Order by the Court.  In the unlikely event the approved claims of the Settlement Class cause the aggregate of total claims, administration costs, Class Representative Incentive Award, and Class Counsel Fees to exceed $227,000.00, GHP's insurance company has agreed with GHP to deposit additional funds into the Class Settlement Fund to pay for such approved claims.  The funds paid into the Class Settlement Fund by GHP's insurance company shall be paid out as set forth in this Agreement. Any portion of the Class Settlement Fund that is not paid out to claiming class members, to the Class Representative, to Class Counsel, or to the third-party administrator for administration costs shall revert and be paid back to GHP's insurance company without further demand or approval.

The Settling Parties expressly acknowledge and agree that the Class Settlement Fund: (a) is the result of good faith negotiations conducted by and between the Settling Parties; (b) represents the sole consideration for the release of the Released Claims; and (c) constitutes fair and reasonable consideration for the release of any and all Released Claims.

3.    General Release and Waiver

By executing this Agreement, the Settling Parties acknowledge that, subject to and effective upon entry of the Final Approval Order and Judgment by the Court, the Action shall be dismissed with prejudice, an order of dismissal with prejudice shall be entered, and all Released Claims shall thereby be conclusively settled, compromised, satisfied, and released by the Releasing Parties as to the Released Parties. The Final Approval Order and Judgment shall provide for and effect the full and final release by DRCNet and all Settlement Class Members of all Released Claims.

The Settling Parties intend and agree that the releases granted herein shall be effective as a bar to any and all currently unsuspected, unknown, or partially known Released Claims as defined herein. Accordingly, DRCNet and the Settlement Class Members hereby expressly waive any and all rights and benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common laws of any other State, Territory, or other jurisdiction. Section 1542 reads in relevant part:

> "A general release does not extend to claims that the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

The Settling Parties hereby acknowledge that the foregoing waiver of the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other State, Territory, or other jurisdiction was separately bargained for and that DRCNet and GHP would not enter into this Settlement Agreement unless it included a broad release of unknown claims. The Settling Parties each expressly agree that all release provisions in this Settlement Agreement shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, and future claims, demands, and causes of action. DRCNet acknowledges for itself, and on behalf of the Settlement Class Members, that any subsequent discovery or understanding of any matter, fact, or law, if known or understood, would not have in any respect affected their entering into this Settlement Agreement.

The Releasing Parties further agree, promise, and covenant that they will not, nor will any person, organization or any other entity acting on their behalf, file, charge, claim, sue, participate in, join or cause or permit to be filed, charged or claimed, any action for damages or other relief (including injunctive, declaratory, monetary or other) against the Released Parties with respect to any Released Claims which are the subject of this Agreement. The Settling Parties agree that this Agreement may be pleaded as a full and complete defense to any and all Released Claims and causes of action being released pursuant to this Agreement. The Settling Parties acknowledge and consent that the Agreement may be used as the basis for an injunction to halt any action, suit or other proceeding based upon the Released Claims.

4.    Court Approval

On or before July 8, 2016, the Parties will file a joint motion for entry of a Preliminary Approval Order approving each of the terms of this Settlement, certifying the Settlement Class, appointing Class Counsel, and approving the Class Settlement Notice. The Parties will request that the Court enter and approve the Preliminarily Approval Order Class and Class Settlement Notice.

The Preliminary Approval Order will set a date for a Final Fairness Hearing. The Parties agree that DRCNet and GHP's counsel will jointly submit a motion for Final Approval within ninety (90) days of the Preliminary Approval Order. At the Final Fairness Hearing, the Parties will request that the Court enter a Final Approval Order and Judgment. The Settling Parties covenant and agree that they will take all reasonable steps and reasonably cooperate with one

another in obtaining the Final Approval Order and Judgment as contemplated hereby at the Final Fairness Hearing and will not do anything inconsistent with obtaining that Final Order. Upon the entry of the Final Order, the Action and all claims asserted therein shall be dismissed with prejudice as against GHP. In the event a Final Approval Order and Judgment is not entered by the Court for any reason or if the Agreement is terminated by either Party for any reason, all of the funds paid into the Class Settlement Fund by GHP's insurance company shall be promptly repaid by the Settlement Administrator to GHP's insurance company without further notice or approval by the Court or the Parties.

     5.    Class Settlement Notice

Within ten (10) days after the filing of the Motion for the Preliminary Approval Order, if deemed necessary by GHP, the Settlement Administrator will cause to be served upon the appropriate State official of each State and the Attorney General of the United States the CAFA Notice. The Settlement Administrator shall promptly notify Class Counsel and GHP's counsel upon service of the CAFA Notice.

The Settlement Administrator will also send to Settlement Class Members the Class Settlement Notice within thirty (30) days after entry of the Preliminary Approval Order. All costs of the dissemination of the Class Settlement Notice, as well as all costs of administration of the Class Settlement shall be paid from the Class Settlement Fund. The Parties agree that the possible Settlement Class consists of no more than the 454 unique Persons who were sent a GHP facsimile offering a free listing in such Directory. The Parties also agree that, subject to Court approval, the best practicable notice under these circumstances is via fax to the 1,107 existing listees in the 2013 *Hudson's Washington News Media Contact Directory* with fax numbers in the Directory that could have been sent a GHP Facsimile.

For any Settlement Class Members where the initial fax notice is not deliverable, and a physical address is available, the Settlement Administrator will mail a paper version of the Class Settlement Notice via First Class U.S. Mail. If the mailing is returned as undeliverable, the Settlement Administrator will conduct a trace on the returned notice and mail to an updated address if located.

The Settling Parties agree that the proposed Class Settlement Notice, attached as Exhibit 1, provides to the Class Members information sufficient to inform Class Members of the essential terms of this Agreement, appropriate means for obtaining additional information regarding the Agreement and the Action (including a toll-free telephone number, email address, and website), adequate information and appropriate means for making a claim and appropriate information about the procedure for challenging or excluding themselves from the Settlement. The Settling Parties agree that the Class Settlement Notice will also contain a proof of claim form to be returned by the Settlement Class Members in order to verify their inclusion as Settlement Class Members and qualify for payment.

Settlement Class Members have a total of sixty (60) days from the date the Class Settlement Notice is sent to return the proof of claim form, file objections, or opt out of the Settlement.

6.     Right to Object to the Settlement

Any Settlement Class Member who wishes to object to the proposed Settlement must file a written objection ("Objection") to the Court. The Objection must include such Objector's name and address and provide a statement whether the Objector intends to appear at the Final Fairness Hearing with or without counsel. The Parties agree that any Objection to the Settlement must be received within sixty (60) days from the date Class Settlement Notice is sent. Only Settlement Class Members may object to the Settlement.

7.     Right to Opt-Out of the Settlement

Any Settlement Class Member who wishes to be excluded from the Settlement Class must file a written exclusion request within sixty (60) days from the date Class Settlement Notice is sent. Any such exclusion request must include the Settlement Class Member's name and address, a signature, the name and number of the case, and a statement that he/she/it wishes to be excluded from the Settlement Class. Any Settlement Class Member who elects to be excluded shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; and (iv) be entitled to object to any aspect of this Settlement Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed.

8.     Proof and Verification of Claims and Payment of the Class Settlement Fund

A Settlement Class Member must submit a timely and complete proof of claim form to be entitled to receive Five Hundred Dollars ($500.00) from the Class Settlement Fund. Proof of claim forms will be due within sixty (60) days from the date of the Class Settlement Notice as stated in the Class Settlement Notice.

The Settlement Administrator shall determine, in the first instance, whether a proposed Settlement Class Member has submitted a timely (see above) and complete proof of claim form. A complete proof of claim form will include: (1) the name of the claimant as listed in the 2013 *Hudson's Washington News Media Contact Directory* (2) the claimant's fax number listed in such Directory; (3) a statement that the claimant is the owner of the fax number listed in the Directory and at which it received the Class Settlement Notice; (4) a statement that the claimant received the GHP Facsimile; (5) a statement that the claimant subsequently received an email from GHP advertising a free listing in the 2014 *Hudson's Washington News Media Contact Directory*; and (6) the claimant's email address at which it received the email. The Settlement Administrator may assist Settlement Class Members in the completion of proof of claim forms and is empowered to respond to their inquiries for that purpose.

The Settlement Administrator will then promptly determine from GHP's records whether the proposed Settlement Class Member was an existing listee in the 2013 *Hudson's Washington News Media Contact Directory* and had such a fax number in such Directory so that it could have been sent a GHP Facsimile, and further determine from GHP's records whether the proposed

7

Settlement Class Member subsequently received an email advertising a free listing in the 2014 *Hudson's Washington News Media Contact Directory*. If GHP has no records of the claimant's fax number or email address in any of its records, GHP may object to such claim by the claimant.

If the Settlement Administrator or GHP rejects a claim for any reason other than timeliness, it will provide the proof of claim form and reason for rejection to Class Counsel and counsel for GHP. Counsel for the Parties will have fourteen (14) days to dispute the reasons for the rejection, and to provide its reasoning for rejection in writing to the Settlement Administrator. The Settlement Administrator shall notify in writing every claimant whose proof of claim form is rejected and identify the reason(s) for the rejection. The claimant, if it wishes to proceed with its claim, must either correct any error identified and re-file, or, if it wishes to dispute the rejection, must submit a signed, written notice contesting the rejection of the claim. That written contest must be submitted and postmarked within fourteen (14) days from the postmark date of the rejection letter and be mailed to the Settlement Administrator. The ultimate determination of whether to reject or accept a claim will be made by the Settlement Administrator using these criteria.

Within forty-five (45) days after entry of the Final Approval Order and Judgment by the Court, the Settlement Administrator will mail Five Hundred Dollars ($500.00) to each Settlement Class Member who submits a timely and complete proof of claim form that is verified and approved. Any Settlement Class Member who does not submit a timely and complete proof of claim form to the Class Administrator or whose claim is properly rejected will receive no monetary payment from the Class Settlement Fund. Checks issued to Settlement Class Members will be void 181 days after issuance.

The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement, and shall make such records available to Class Counsel and counsel for GHP upon reasonable request. The Settlement Administrator shall provide the Parties a final accounting of the settlement payments within 120 days after entry of the Final Approval Order and Judgment.

9.   Class Counsel Fees and Incentive Award

The Parties agree, and shall advise the Court, that the money in the Class Settlement Fund will be used to pay (a) attorneys' fees to Class Counsel in the amount of $70,000.00, inclusive of all reasonable costs and out-of-pocket expenses, and (b) an Incentive Award to the Class Representative in the amount of $10,000.00. Such payments are subject to approval by the Court. Within ten (10) days after entry of the completion of the claims administration process and payments to all Settlement Class Members, the Settlement Administrator will pay to Plaintiff the Class Counsel Fees and Incentive Award, by certified check or wire transfer, to the "Bennett and Bennett, Florida Bar Foundation IOTA Account," from which said funds will be disbursed. Such payments constitute full and final payment to Class Counsel and Plaintiff.

10.   Agreement Contingent Upon Entry of Final Approval

This Agreement is contingent upon entry of an order that contains the judgment giving final approval to the terms of this Agreement. The Class Representative, on behalf of the Settlement Class, and GHP, shall each have the right to terminate this Agreement by providing a Termination Notice to all other Parties hereto within twenty-one (21) days, of any of the following events: (i) the Court's refusal to grant the Preliminary Approval Order; (ii) the Court's refusal to grant Final Judgment; (iii), the Court's modification of any of the terms of this Agreement, including but not limited to the amounts described in paragraphs 8 and 9, above, at or after the Preliminary Approval Order or Final Fairness Hearing; (iv) the receipt of more than four hundred and fifty-four (454) approved claims; or (v) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. The Parties further agree that this Agreement, once signed, may not be terminated by either Party on the basis of any subsequent decision by the FCC, even if the Final Date of the Agreement has not yet arrived.

11.   No Admission of Fault or Liability

It is understood and agreed that this Agreement and the performance of the obligations herein, including all payments from the Class Settlement Fund, are for the sole purpose of compromising the disputed Claims, and that this Agreement shall not be construed as an admission of any wrongdoing or liability by GHP or the Released Parties, with wrongdoing and liability being expressly denied by GHP and the Released Parties. To the extent the Court fails to preliminarily or finally approve the Settlement Agreement, DRCNet and GHP shall each have the right to withdraw from this Agreement and resume litigation with no prejudice to their respective positions, and neither party shall be permitted to refer to, admit, or use this Agreement or the Settlement in the litigation.

12.   Integration Clause

This Agreement contains the entire agreement of the Settling Parties and supersedes any and all prior, written or oral, agreements among them concerning the subject matter hereof. There are no representations, agreements, arrangements or understandings, oral or written, among the Settling Parties relating to the subject matter of this Agreement that are not fully expressed herein.

13.   Consultation with Counsel

DRCNet and GHP represent and warrant that they have presented their counsel with this Agreement, that their counsel has had the opportunity to review this Agreement and that they are executing this Agreement of their own free will after having received advice from counsel regarding execution of this Agreement.

14.   Choice of Law

This Agreement shall be governed by and interpreted and construed pursuant to the laws

of the District of Columbia, without giving effect to any conflicts of law principles.

15.    Severability

In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written stipulation to be filed with the Court within twenty (20) days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

16.    No Waiver

The failure of any Party to insist upon compliance with any of the provisions of this Agreement or the waiver thereof, in any instance, shall not be construed as a general waiver or relinquishment by such Party of any other provision of this Agreement.

17.    Modification and Amendment

This Agreement may not be waived, altered, amended or repealed, in whole or in part, except upon written agreement executed by the Party or Parties against which enforcement is sought.

18.    Agreement Obligates, Extends and Inures

The provisions of this Agreement shall be binding upon each of the Settling Parties and each of the Settling Parties' directors, officers, members, shareholders, trustees, partners, successors, agents, assigns, attorneys and employees, if any,  and  upon  those  who  may assume any or all of the above described capacities subsequent to the Effective Date. The provisions of this Agreement shall inure to the benefit of each of the Settling Parties and each of the Settling Parties' directors, officers, members, shareholders, trustees, partners, successors, agents, assigns, attorneys and employees, if any.

19.    No Reliance

Each of the Settling Parties represents and warrants that, except for the representations and warranties specifically set forth in this Agreement, in executing this Agreement, it does not rely, and has not relied, on any representation or statement made by any other Party to this Agreement, on any representation or statement made by anyone acting on behalf of any Party to this Agreement, or any representation or statement made by any other person.

20.    No Assignment or Transfer of Action

DRCNet and the Settlement Class warrant that they have not assigned or transferred to any person any portion of any Released Claims that are released, waived, and discharged by this Settlement Agreement.

21.    Multiple Counterparts

This Agreement may be executed in counterparts, each of which may be executed and delivered via facsimile or PDF electronic delivery with the same validity as if it were an ink-signed document and each of which shall be effective and binding on the Settling Parties as of the Effective Date. Each such counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one and the same Agreement.

22.    Authority of Signatories

Each of the Settling Parties to this Agreement represents and warrants that it is authorized to enter into this Agreement and that any required consents, authorizations or approvals have been obtained.  GHP will obtain a letter from its insurance company clearly committing to timely provide the funds for the Class Settlement Fund and agreement that the funds may be paid as set forth in this Agreement.  GHP shall provide a copy of such letter to Class Counsel.

23.    Construction

Each Party hereto has cooperated in the drafting and preparation of this Agreement. In any construction to be made of this Agreement, the same shall not be construed against any Party on the ground that said Party drafted this Agreement. This Agreement shall be deemed to have been executed and delivered within the District of Columbia, and the rights and obligations of the Settling Parties hereunder shall be construed and enforced in accordance with, and governed by, the laws of the District of Columbia, in effect as of the Effective Date.

24.    Mutual Interpretation

The Parties agree and stipulate that this Agreement was negotiated on an "arm's-length" basis between parties of equal bargaining power.  This Agreement has been drafted jointly by Class Counsel and counsel for GHP. Accordingly, this Agreement is not one of adhesion, is mutually created, and no ambiguity shall be construed in favor of or against any of the Parties. Plaintiff and the Settlement Class acknowledges, but does not concede to or agree with, GHP's statements regarding the merits of the claims, and GHP acknowledges, but does not concede to or agree with, Plaintiff's statements regarding the merits of the claims.  Class Counsel and GHP's counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Judgment.  Class Counsel and GHP's counsel shall also promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement, and shall not object to or otherwise challenge, directly or indirectly, any of the terms contained in this Agreement.  The Parties shall not appeal the approval of any term contained in this Agreement.

25.    Continuing Jurisdiction

Without affecting the finality of the final judgment, the Court shall retain continuing jurisdiction over the Action and the Parties, including all members of the Settlement Class, the

administration and enforcement of this Agreement and the settlement, and the benefits to the Settlement Class hereunder, including for such purposes as supervising the implementation, enforcement, construction, and interpretation of this Agreement; the order preliminarily approving the settlement, the Final Approval Order and final judgment, the award of fees and expenses, and the distribution of settlement proceeds to the Settlement Class. Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation of the Agreement shall be presented by motion to the Court.

26.   Notices

Requests for exclusion, objections to the Agreement or Settlement, and notices to the Parties or the Settlement Class shall be sent and/or copied to the Class Administrator and counsel for the Parties as follows:

Peter Bennett
Bennett & Bennett
Attn.: Grey House Publishing Settlement
1200 Anastasia Avenue, Office 360
Coral Gables, FL 33134

William B. Hayes
Attn: Grey House Publishing Settlement
257 Jackson Street
Denver, Colorado 80206

*PLEASE READ CAREFULLY THE SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS.*

IN WITNESS WHEREOF, the Parties hereto have executed this Settlement Agreement as of the date first set forth above.

DRUG REFORM COORDINATION NETWORK, INC.

By: _____
Name: David Borden
Title: Executive Director

COUNSEL FOR DRUG REFORM COORDINATION NETWORK, INC.

By: _____
Name:  Shawn Heller
Title:  Attorney

GREY HOUSE PUBLISHING, INC.

By: _____          7/12/16
Richard H. Gottlieb, President


COUNSEL FOR GREY HOUSE PUBLISHING, INC.

_____   7/12/16

William B. Hayes

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

If you received a facsimile, and a subsequent email from Grey House Publishing, Inc. offering a free listing in the *2014 Hudson's Washington News Media Contact Directory* you may be entitled to a $500 payment as part of a class action settlement.

A settlement has been reached in a class action lawsuit against Grey House Publishing, Inc. ("GHP") about a fax (the "GHP Facsimile") sent to some of the existing listees in the *2013 Hudson's Washington News Media Contact Directory*. The court presiding over the lawsuit has preliminarily certified the Settlement Class, which has been defined as:

All Persons who received a GHP Facsimile and a subsequent email advertising a free listing in the *2014 Hudson's Washington News Media Contact Directory.*

Excluded from the Settlement Class are Defendant, any parent, subsidiary, affiliate or controlled person of Defendant, as well as the officers, directors, agents, servants or employees of Defendant and the immediate family members of such persons, the named counsel in this litigation, and any member of their office and/or firm.

You have received this notice because GHP's records indicate that you had a fax number listed in the *2013 Hudson's Washington News Media Contact Directory* and may be a member of the Settlement Class. If you are a Settlement Class Member you may be entitled to receive a $500 payment from the settlement. If you received a GHP Facsimile and a subsequent email advertising a free listing in the *2014 Hudson's Washington News Media Contact Directory*, and wish to pursue a claim, please timely submit a valid claim using the form attached hereto. Only the existing listees in the 2013 Directory with fax numbers to which the GHP Facsimile was sent are eligible, regardless of who else used the same fax number.

### What Is The Lawsuit About?

Drug Reform Coordination Network, Inc. ("DRCNet") brought this action, individually and on behalf of a group of similarly situated persons, alleging that GHP violated the Telephone Consumer Protection Act (TCPA), as amended by Junk Fax Prevention Act of 2005, by transmitting, or authorizing the transmission of, noncompliant facsimiles that were part of an overall marketing campaign designed to promote GHP's directories, to Plaintiff and members of the Settlement Class.

GHP denies these allegations, maintains that facsimiles were sent to existing listees for the sole purpose of requesting updated information from them for the Directory in which they were already listed, and has denied that the facsimiles were sent as part of any overall marketing campaign. GHP further denies that this case is appropriate for treatment as a class action.

The court has not decided who is right, and both Parties will vigorously assert their claims and/or defenses if the proposed settlement is not approved. DRCNet and GHP have not admitted to any wrongdoing or any violation of the TCPA, but have agreed to settle this action to avoid the time, effort, costs and uncertainties of litigation.

### Who Represents You?

The Court has appointed the law firms of the Social Justice Law Collective and Bennett & Bennett to represent you and others of the Settlement Class. These lawyers are called Class Counsel. You will not be charged for these lawyers. No member of the Settlement Class will have to pay any money to Class Counsel or the Class Representative. If you wish to be represented by your own lawyer, you may hire one at your own expense.

### What Does The Settlement Provide?

The sum of $270,000 will be deposited into a Class Settlement Fund. The money in the Class Settlement Fund will be used: (1) to make payments of $500 to those Settlement Class Members who timely make a claim and whose claim is verified and approved; (2) to pay $70,000 for attorneys' fees and litigation related costs as approved by the Court; (3) to pay $10,000 for an incentive award to DRCNet for its service in the case as approved by the court; and (4) to pay the costs of notice to the Settlement Class Members and administration of the settlement on a class wide basis. Any funds remaining in the Class Settlement Fund after the above payments have been made will be returned to GHP. The payments to the Class Representative and Class Counsel will not operate to reduce the $500 payment available to each Settlement Class Member who submits a timely and complete proof of claim form that is verified and accepted.

You are entitled to receive $500 if you timely and properly make a claim and provide the requested information to verify your claim that you received a GHP Facsimile and a subsequent email advertising a free listing in the *2014 Hudson's Washington News Media Contact Directory.*

### How Do You Make a Claim?

The Claim Form that is a part of this Notice contains a request for an existing listee to fill-in its name, address, email address and facsimile number as listed in the 2013 Directory in order for the Settlement Administrator to verify claims. All information requested on the Claim Form must be provided. The Settlement Administrator will send a check for $500 to those claimants whose claims are timely made, verified approved.

You may fill out the Claim Form and either mail or fax the Form to the Settlement Administrator or log on to the settlement website www.class-settlement.com to fill out the Claim Form.

QUESTIONS?  Call (877) 268-2976 Toll Free, or visit:  www.class-settlement.com

Exhibit 1 to the Settlement Agreement

## What Are Your Options?

1) Do Not Submit a Claim

If you do not submit a claim (and you have no obligation to do so) you will not receive a check from the Class Settlement Fund and you will have no further duties or obligations. If you are a member of the Settlement Class, you will be bound by the settlement and will release all claims you may have against GHP related to this lawsuit.

2) Submit a Claim

In order to receive a $500 payment from the Class Settlement Fund, you must complete and mail or fax the attached Claim Form to the Settlement Administrator, or submit a claim online at the settlement website (www.class-settlement.com). The Claim Form requires you to confirm that you received the GHP Facsimile at your fax number and a subsequent email from GHP advertising a free listing in the 2014 Directory. The Settlement Administrator will verify and then approve or reject your claim. **All Claim Forms must be postmarked or faxed, or submitted online at www.class-settlement.com by [Date]**. If the Settlement Administrator accepts your Claim Form, you will receive a $500 payment at the address indicated on the Claim Form. If the Settlement Administrator rejects your Claim Form you will be notified of the rejection and the reason for the rejection and be given an opportunity to resubmit an amended Claim Form. If you have any questions about properly filling out a Claim Form, or to verify that a Claim Form was received and/or approved or rejected, please contact the Settlement Administrator pursuant to one of the options listed at the bottom of this Notice.

3) Exclude Yourself from the Settlement

You may exclude yourself from the Settlement Class by submitting a request for exclusion to the Settlement Administrator by mail or fax. If you exclude yourself, you will not be entitled to make a claim or receive $500 for a verified and approved claim and you will not be bound by the settlement. To exclude yourself from the settlement, you must make a signed written request for exclusion that includes your name and address, email address, telephone number and facsimile number. **Requests for exclusion must be postmarked or faxed no later than [Date].** The notice on the settlement website (**www.class-settlement.com**) provides further information on how to exclude yourself.

4) Object To The Settlement

If you are a Settlement Class Member, and have not excluded yourself from the Settlement, you may object in writing to any aspect of the Settlement by filing an objection with the Court. Anyone who objects to the settlement may ask to speak at the Final Approval Hearing.

To object, you must send a letter to the Court, with copies to both Class Counsel and GHP's Counsel, saying that you object to the proposed settlement. Be sure to include your full name, address, telephone number, and the reasons you object to the settlement (including citations and evidence that you are relying on) and whether you intend to appear at the Fairness Hearing, on your own behalf or through an attorney.

**Your objection to the Settlement must be postmarked no later than [Date].** IF you fail to file a timely written objection to the settlement, you will not be permitted to object to the settlement at the Final Approval Hearing, will not be able to seek any review of the settlement by appeal, and will have waived any objections to the settlement and the case. The settlement website www.class-settlement.com provides further information on how to object.

## Final Approval Hearing

The Court has preliminarily approved this Settlement. Before any money is paid, the Court will hold a hearing to decide whether to grant final approval. This final approval hearing will be held at [Time] and [Date], in courtroom of the E. Barrett Prettyman United States Court House located at 333 Constitution Avenue, NW, Washington D.C. 20001. The hearing may be continued without further notice. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate, and whether to award attorneys' fees, expenses, and an incentive award, and in what amounts. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. We do not know how long it will take the Court to issue its decision. It is not necessary for you to appear at this hearing, but you may attend at your own expense.

## Where Can You Get More Information?

This Notice is only a summary of the case and proposed settlement. It is not a complete statement of the lawsuit or the proposed settlement. The Settlement Agreement governs in the event of any conflict between this Notice and the Settlement Agreement. To obtain additional information regarding this settlement you may: (1) call the Settlement Administrator at. (877) 268-2976; (2) view the settlement website (www.class-settlement.com), which will have the Claim Form, the Settlement Agreement, the Complaint filed in the lawsuit, the Motion for Preliminary Approval of the Settlement, the Court Order granting Preliminary Approval and the Motion for Final Approval of the Settlement; or (3) inspect the complete court file at the office of the Clerk of the Court at the U.S. District Courthouse, Room , 333 Constitution Avenue, NW, Washington D.C. 20001 or access the court file via PACER (information about PACER can be found o the court's general website: www.uscourts.gov).

DO NOT CONTACT THE COURT, DEFENDANT OR DEFENDANT'S COUNSEL FOR INFORMATION.

BY ORDER OF THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

QUESTIONS?  Call (877) 268-2976 Toll Free, or visit:  www.class-settlement.com

# SETTLEMENT CLAIM FORM

*Drug Reform Coordination Network, Inc. v. Grey House Publishing, Inc.,* No. 14-cv-00701 (D.D.C.)

### The Following Information Is Required

1. Company/Entity Name: _____

2. Address: _____

City: _____     State: _____     Zip Code: _____

3. Contact telephone number: _____

4. Fax number where a Grey House Publishing, Inc. ("GHP") fax was received: _____

5. Email address where a GHP email was received: _____

6. The undersigned, by submitting this Claim Form, affirmatively states that:

   (a) My company/entity received a GHP fax advertising a free listing in the 2014 *Washington News Media Contact Directory*, at the fax number listed above;
   (b) My company/entity received a subsequent email from GHP advertising a free listing in the *2014 Hudson's Washington News Media Contact Directory*, at the email address listed above;
   (c) My company/entity is the owner, renter, or authorized user of the fax number listed above; and
   (d) The information provided herein is true and correct according to the best of my personal knowledge.

   You have been provided this Claim Form because you may have received a GHP facsimile and a subsequent email advertising a free listing in the 2014 *Hudson's Washington News Media Contact Directory*, transmitted by or on behalf of Grey House Publishing, Inc. If you received such a facsimile and subsequent email, you may be entitled to a $500 payment from the Class Settlement Fund described in the attached Notice. A claim is not complete unless all the information requested above is provided accurately and is signed and dated. This Claim Form must be postmarked, faxed to the Settlement Administrator, or submitted online at www.class-settlement.com by the deadline stated below.

_____     X_____
              Date                                              Signature

**Return this Claim Form via US Mail to:**
*Drug Reform Coordination Network, Inc. v. Grey House Publishing, Inc.*
*Class-Settlement.com*
P.O. Box 9009
Hicksville, NY 11802-9009

**Or via Fax to:**
**(888) XXX-XXXX**

**Or, to file a Claim electronically, go to:**
**www.class-settlement.com**

**Username: 99999999     Password: XXXXXXXXX**

**Your Claim Form must be postmarked, faxed or filed electronically on or before**
**[DATE]**.

YOUR CLAIM FORM WILL NOT BE RETURNED TO YOU. PLEASE RETAIN A COPY FOR YOUR RECORDS.