UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DRUG REFORM COORDINATION
NETWORK, INC., individually
and on behalf of all others similarly situated,

      Plaintiff,

vs.

GREY HOUSE PUBLISHING, INC., a
New York For Profit Corporation

      Defendant.
_____/

Civil Action No. 14-cv-00701 (APM)

## FINAL APPROVAL ORDER[1]

This matter coming before the Court on the Parties' Joint Motion for Final Approval of Class Action Settlement, due notice given, the Parties appearing through counsel, and the Court fully advised in the premises, **IT IS HEREBY ORDERED**:

1. This Court has jurisdiction over the Action and all Released Claims. The Court also has jurisdiction over the Parties, the Releasing Parties, and the Settlement Class.

2. The "Settlement Class" is defined as follows:

All Persons who received a GHP Facsimile and a subsequent email advertising a free listing in the *2014 Hudson's Washington News Media Contact Directory.*

The Parties have expressly agreed to this Settlement Class definition for settlement purposes only. Excluded from the Settlement Class are Defendant, any parent, subsidiary, affiliate or controlled person of Defendant, as well as the officers, directors, agents, servants or employees of Defendant and the immediate family members of such persons,

---

[1] All defined terms herein have the meaning set forth in the Class Action Settlement Agreement filed as D.E. 61-1 ("Settlement Agreement") unless otherwise noted.

the named counsel in this litigation, and any member of their office and/or firm. "GHP Facsimile" means a facsimile transmitted by or on behalf of GHP offering a free listing in the 2014 *Hudson's Washington News Media Contact Directory*. The Parties have determined and agreed that the Settlement Class consists of the 454 unique Persons who were sent a GHP Facsimile offering a free listing in such Directory.

3. The Court finds that the Class Notice that was given to Settlement Class Members satisfied all the requirements of Federal Rule of Civil Procedure ("Rule") 23, including Rules 23(c)(2)(B) and Rule 23(e), and satisfied all the requirements of law and due process. The Court finds that the Class Notice was the best notice that was practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified by reasonable effort. The Court finds that the Class Notice clearly and concisely stated, in plain, easily understood language, all the information required to be communicated under the Rules. The Court finds that the Class Notice was directed in a reasonable manner to all Settlement Class Members who would be bound by the Settlement. The Class Notice was reasonably calculated to apprise Settlement Class Members of their rights to object or to exclude themselves from the Settlement.

4. The Court finds that written notice of the Settlement was provided to the U.S. Attorney General and the appropriate state attorney general in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

5. The Objection/Exclusion Deadline has passed.

6. The Court finds that no objections were received.

7. The Court finds that no persons validly opted out of the Settlement Class and the Settlement.

8. The Court finds that the Settlement meets all the applicable requirements of the Rules, including Rules 23(a), 23(b)(3), and 23(e).

9. The Court finds that the Settlement is fair, adequate, and reasonable, after due consideration of the uncertainty of the Settlement Class's success on the merits of their claims; the range of their possible recovery; the complexity, expense and duration of the Action; the lack of opposition to the Settlement; the state of proceedings at which the Settlement was achieved; the written submissions, affidavits, and arguments of counsel; the notice; and the hearing. The Court also finds that the financial terms of the Settlement fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, the Settlement Agreement should be and is given final approval.

10. The Parties, the Settlement Class, and all Releasing Parties, and each of them, except for those who have previously excluded themselves in accordance with the terms of the Settlement Agreement, shall be bound by the Settlement Agreement. This Order, when entered, shall constitute a Final Judgment as defined by the Settlement Agreement.

11. The Settlement Class and all Releasing Parties, and each of them, except for those who have previously excluded themselves in accordance with the terms of the Settlement Agreement, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties.

12. Defendant and/or its agents paid into a Class Settlement Fund the sum of $227,000.00, out of which will be paid $500.00 to each Settlement Class Member who submitted a timely and complete proof of claim form that has been verified and approved.

The Settlement Administrator shall issue such payments to appropriate Class Members on the terms set forth in the Settlement Agreement.

13. The Class Settlement Fund shall also be used to pay Class Counsel Fees and the Incentive Award on the terms set forth in the Settlement Agreement, in the amounts approved below. These payments will not operate to reduce the $500.00 payment available to each Settlement Class Member who has submitted a timely and complete proof of claim form that has been verified and approved.

14. Pursuant to the Parties' agreement, the Court approves Class Counsel Fees in the amount of $70,000.00, inclusive of all reasonable costs and out-of-pocket litigation expenses. The Count finds the amount of Class Counsel Fees to be reasonable under the circumstances of this case. The Settlement Administrator shall issue such payment to Class Counsel in accordance with the Settlement Agreement.

15. Pursuant to the Parties' agreement, the Court approves a $10,000.00 Incentive Award to Plaintiff for serving as the Class Representative. The Count finds the amount of Incentive Award to be reasonable under the circumstances of this case. The Settlement Administrator shall issue such payment to the Class Representative in accordance with the Settlement Agreement.

16. The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here. The Parties to the Settlement Agreement shall carry out their respective obligations as agreed upon in the Settlement Agreement.

17. The Action and all Released Claims, including all claims against Defendant asserted in this Action, or which could have been asserted in this Action, by or on behalf

of Plaintiff and all Settlement Class members and all Releasing Parties against the Released Parties, are hereby dismissed with prejudice and without taxable costs to any Party.

18. All claims or causes of action of any kind by any Settlement Class Member or any Releasing Party brought in this Court or in any other forum (other than Persons who have properly opted out of the Settlement) are barred pursuant to the releases set forth in the Settlement Agreement. All Settlement Class Members and Releasing Parties are enjoined from instituting or maintaining, either directly or indirectly, any action against Defendant in this Court or in any other court or forum, asserting any claims that are being settled or released herein. Any Settlement Class Member or Releasing Party who has instituted litigation against any Released Party shall immediately dismiss such action.

19. The Court retains continuing jurisdiction over this Action, the Parties, Settlement Class Members, and Releasing Parties, to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement. The Court further retains jurisdiction to enforce this Order.

20. The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

**IT IS SO ORDERED**

Dated: 2/10/17

Amit P. Mehta
United States District Judge